**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-CR-565 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| ROBERT HILEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 14, 2023, Defendant filed a motion requesting bond pending his sentencing, which is scheduled for March 20, 2024.  (ECF No. 19).  Defendant previously pleaded guilty to counts 1-6 of the indictment (ECF No. 13), which consisted of four counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  (ECF No. 18).  Defendant moved for bond under 18 U.S.C. § 3143(a)(2) because he pleaded guilty to an offense described in 18 U.S.C. § 3142(f)(1)(C).  (ECF No. 19).  That subsection includes offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  18 U.S.C. § 3142(f)(1)(C).  Defendant is correct that the offenses he pleaded guilty to make him only eligible for bond under 18 U.S.C § 3143(a)(2).

Under 18 U.S.C. § 3143(a)(2), a person found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C) and awaiting sentencing shall be detained unless: 1) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted **OR** 2) the Government has recommended that no sentence of imprisonment be imposed.  18 U.S.C. § 3143(a)(2)(A).  If one of those criteria is met, the Court then considers whether there is clear and convincing evidence

that Defendant is not likely to flee or pose a danger to any other person or the community.  18 U.S.C. § 3143(a)(2)(B).

Defendant's motion and the Government's opposition only address the criteria in (a)(2)(B) and not the criteria in (a)(2)(A).  (*See* ECF No. 19 and 22).  The Court need not reach a determination of flight risk or dangerousness because Defendant does not meet either of the criteria in (a)(2)(A).  There is not a substantial likelihood that a motion for acquittal or new trial would be granted because Defendant pleaded guilty to all charges in the indictment.  There is also nothing before the Court indicating there will be a recommendation from the government of no prison time for Defendant at sentencing.

As a result, Defendant has not met the criteria in 18 U.S.C. § 3143(a)(2).  Defendant's motion for bond is **DENIED**.  The Court's prior directive on December 22, 2023 requiring the U.S. Pretrial Services and Probation Office to investigate the proposed address is **RESCINDED AS MOOT**.  (Order [non-document] dated 12/22/2023).

**IT IS SO ORDERED.**

Date: December 29, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**